IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) ) Criminal No. 2019-10 |
| v. | ) ) ) |
| ROBERT DEFREITAS, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant's Robert Defreitas' *ex parte* motion for issuance of 10 subpoenas *duces tecum* under Federal Rules of Criminal Procedure 17(b) and (c).[1] [ECF 58]. Defreitas provides under seal draft subpoenas, directed to third parties. *See, e.g.*, [ECF 58-1]. The subpoenas are returnable on November 7, 2019, to the office of defendant's attorney.[2]

### I. PROCEDURAL BACKGROUND

Robert Defreitas was charged in a July 2, 2019 indictment with one count of travel act bribery under 18 U.S.C. § 1952(a)(3), one count of blackmail under 18 U.S.C. § 873, and one count of solicitation of a bribe by a public employee under Virgin Islands Code title 14, section 403. [ECF 1]. The indictment alleges that Defreitas, an officer with the Virgin Islands Department of Licensing and Consumer Affairs, demanded sexual favors from L.Y.C.H. in exchange for not reporting a violation of law by L.Y.C.H. *See, e.g.,* [ECF 1] at 2.

---

[1] Defendant also cites 28 U.S.C. § 1825, which pertains to witness fees and does not appear to apply in this case.

[2] Trial is scheduled for December 16, 2019. [ECF 59].

## II.     LEGAL STANDARDS AND DISCUSSION

Rule 17(c) of the Federal Rules of Criminal Procedure governs subpoenas *duces tecum* in criminal cases and provides as follows:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed R. Crim. P. 17(c). Rule 17(c) is "not intended to provide a means of discovery in addition to that provided by Fed. R. Crim. P. 16." *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980) (citing *Bowman Dairy Co. v. United States,* 341 U.S. 214 (1951)); *accord United States v. Ali Amirnazmi*, 645 F.3d 564 (3d Cir 2011). "The test for enforcement is whether the subpoena constitutes a good faith effort to obtain identified evidence rather than a general 'fishing expedition' that attempts to use the rule as a discovery device." *Cuthbertson*, 630 F.2d at 144. To be able to compel production and inspection prior to the trial, a party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id*. at 145 (quoting *United States v. Nixon,* 418 U.S. 683, 699-700 (1974)). "Information sought for the sole purpose of impeachment is not evidentiary, and therefore not subject to pretrial disclosure under Rule 17(c)." *United States v Rigas*, 2011 U.S. Dist. LEXIS 125414, at *4 (M.D.

Pa. Oct. 31, 2011) (citing *United States v. Tillman*, 2009 U.S. Dist. LEXIS 96922, at *2 (W.D. Pa. Oct. 20, 2009) (relying on *Cutherbertson*)).

Whether an application under Rule 17 (c) may be made *ex parte* has not been resolved either by the Supreme Court or by the Third Circuit. *See United States v. Fulton*, 2013 U.S. Dist. LEXIS 123229, at *2-3 (D.N.J. Aug. 29, 2013). While Rule 17 (b) expressly provides an *ex parte* process where an indigent defendant seeks a subpoena for a trial witness, on its face Rule 17(c) does not provide any such mechanism. *See United States v. Hart*, 826 F. Supp. 380, 382 (D. Colo. 1993) ("By requesting an *ex parte* review of documents before trial, defendant is attempting to convert rule 17(c) into a grand jury-type procedure for private litigants. The courts, however, have uniformly held that rule 17(c) subpoenas may not be used as a discovery device."). Moreover, absent good cause, *ex parte* proceedings "are disfavored in this circuit." *United States v. Walker*, 2008 U.S. Dist. LEXIS 96148, at *5 (E.D. Pa. Nov. 24, 2008) (citing *United States v. Wecht*, 484 F.3d 194, 214 (3d Cir. 2007)). As a result, courts in this Circuit have not, absent special circumstances, permitted *ex parte* applications for Rule 17(c) subpoenas *duces tecum*. *See, e.g.*, *Fulton*, 2013 U.S. Dist. LEXIS 123229, at *5 (finding defendant "has not demonstrated that this case presents any of the exceptional circumstances which would warrant proceeding to obtain a subpoena *duces tecum* under Rule 17(c) in an *ex parte* fashion"); *see also United States v Wecht*, 2008 U.S. Dist. LEXIS 8078, at *4-5 (W.D. Pa. Feb. 4, 2008).

Here, the Court finds that the motion must be denied at this stage because defendant has failed to make the requisite showing entitling him to production before trial. Further, his

application does not merit *ex parte* treatment. If defendant wishes to pursue the matter, he may refile his motion, demonstrating that he meets the requirements of *Nixon*.

## III. CONCLUSION

Accordingly, the premises considered, it is hereby ORDERED that the motion [ECF 58] is DENIED without prejudice.

DATED: October 28, 2019  S\_____
                          **RUTH MILLER**
                          United States Magistrate Judge