# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Case No. 3:19-cr-0010 |
| ) | |
| **ROBERT DEFREITAS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the motion of Robert Defreitas ("Defreitas") to conduct his sentencing in this matter by video conferencing.

On February 7, 2019, the United States filed a three count indictment, charging Defreitas offenses stemming from the alleged solicitation of sexual favors in exchange for not reporting an individual's status as an undocumented alien. Following a December 16, 2019 trial, a jury found Defreitas guilty of Count I, using a cellular phone to solicit a bribe in violation of 18 U.S.C. § 1952(a)(3), and Count III, soliciting a bribe by a public employee in violation of 14 V.I.C. § 403. Defreitas was found not guilty of Count II, charging blackmail in violation of 18 U.S.C. § 873. Sentencing was initially scheduled for April 15, 2020, continued to July 22, 2020, then continued again to September 17, 2020. On September 9, 2020, Defreitas filed a motion to conduct sentencing by video teleconferencing technology. (ECF No. 100.)

Federal Rule of Criminal Procedure 43 requires that a "defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). Nevertheless, in light of the COVID-19 pandemic, Congress recently provided certain circumstances under which a sentencing may be conducted by video teleconference. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act

authorizes district courts to use video teleconferencing to hold felony sentencings under appropriate circumstances and with the consent of the defendant after consultation with counsel. *See* CARES Act, § 15002(b)(2), H.R. 748, 248-49; *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent of the defendant . . . after consultation with counsel."). Specifically, the following three conditions must be met: (1) the Judicial Conference of the United States must "find[] that emergency conditions due to the national emergency declared by the President . . . with respect to the [COVID-19] will materially affect the functioning of [] the Federal courts generally;" (2) the chief judge of a district court covered by that finding must "specifically find[] . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety;" and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See id.* § 15002(b)(2),

On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have materially affected and will materially affect the function of the federal courts generally.

On April 9, 2020, the Chief Judge of the District Court of the Virgin Islands entered a third general order responding to the COVID-19 pandemic. In that order, the Chief Judge found that felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety. As such, the April 9, 2020 Order authorized the use of videoconferencing to conduct felony sentencing for a period of 90 days. On July 8, 2020, the Chief Judge of the District Court of the Virgin Islands entered an order extending the April 9, 2020 Order for another 90-day period unless terminated earlier.

The "court must impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1). Without an end, or even an abatement, in sight to the ongoing COVID-19 pandemic, the indefinite delay of sentencing hearings "would only add to the enormous backlog of

criminal and civil matters facing this Court, and every judge in this District, when normal operations resume." *E.g., United States v. Hernandez,* 2020 WL 2850222, at *3 (C.D. Cal. June 1, 2020); *United States v. Soe*, 2020 WL 3483588, at *3 (C.D. Cal. June 25, 2020).

The continued delays to in-person proceedings, and their resultant backlog of cases, undermine the Court's ability to efficiently manage its docket. This inefficiency consequently weighs heavily against the public's interest in judicial economy. *See In re Modafinil Antitrust Litigation*, 837 F.3d 238, 268 (3d Cir. 2016) ("'Judicial economy' means '[e]fficiency in the operation of the courts and the judicial system… .") (Rendell, J., concurring in part). Thus, Rule 32(b)(1)'s requirement that a sentence be imposed without unnecessary delay intertwines considerations of judicial economy with the interest of justice, particularly in the abnormal context of the COVID-19 pandemic. *Cf. In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017) ("public interests… derive from 'the interest of justice.'… We regard these public interests to include judicial economy considerations.") (internal citations omitted).

Here, the interests of justice necessarily cannot be served by unduly delaying a defendant's sentencing once he has been convicted. *Cf. Pennsylvania v. Ritchie*, 480 U.S. 39, 50 n. 8 (1987) ("The interests of judicial economy and the avoidance of delay, rather than being hindered, would be best served by resolving the issue."). Where a defendant has, as Defreitas has in this case, consented to sentencing by video teleconferencing through his attorney (ECF No. 100, at 1), such an indefinite delay causes continued serious harm to the public's interest in judicial economy, and by extension, the interests of justice. *Cf. Howmedica*, 867 F.3d at 402.

In addition to concerns raised by the continued delay of in person proceedings and the resultant backlog, Defreitas argues that he has "a long history of asthma, and as such, he is more susceptible to the adverse of effects of the coronavirus." ECF No. 100, at 1. Defreitas further raises the points that attending his sentencing in person would require that he be placed in a 14-day solitary confinement upon his return to MDC Guaynabo, as well as be exposed to numerous individuals, including inmates at the St. Thomas Bureau of Corrections despite his heightened susceptibility. These concerns, coupled with the injustice created by

*United States v. Defreitas.*
Case No. 3:19-cr-0010
Order
Page **4** of **4**

indefinitely delaying Defreitas' sentencing, lead the Court to conclude that sentencing Defreitas by video teleconferencing technology best serves the interests of justice in this matter.

The premises considered, it is hereby

**ORDERED** that Defreitas' motion (ECF No. 100) is **GRANTED**; it is further

**ORDERED** that Defreitas shall be permitted to attend his September 17, 2020, sentencing by video teleconferencing; and it is further

**ORDERED** that the public may access the audio of the video conference proceedings in this matter by calling 1-888-251-2909 and entering access code 5157509#**.**

**Date:** September 16, 2020         */s/ Robert A. Molloy*
                                    **ROBERT A. MOLLOY**
                                    **District Judge**